UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| AARON DALE DODSON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:20-cv-00048 |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In this social security appeal, Magistrate Judgment Newbern has entered a Report and Recommendation ("R&R") (Doc. No. 30) in which she recommends that Aaron Dodson's Motion for Judgment on the Administrative Record (Doc. No. 27) be granted. Magistrate Judge Newbern also recommends that the case be remanded to the Commissioner for further development of the record and reevaluation as whether Dodson's impairments meet the mental disorders listings set forth in § 12.02 (neurocognitive disorders), § 12.03 (schizophrenia spectrum and other psychotic disorders), § 12.04 (depressive, bipolar, and related disorders), § 12.05 (intellectual disorders), § 12.06 (anxiety and obsessive-compulsive disorders) and/or § 12.08 (personality and impulse-control disorders). See 20 C.F.R. pt. 404, subpt. P, app.1 § 12.00 *et seq.*

The Commissioner has filed one objection to the R&R, specifically that Magistrate Judge Newbern relied upon improper evidence in concluding that substantial evidence did not "support[] the ALJ's finding that plaintiff did not meet or equal a listing-level impairment." (Doc. No. 31 at 1). As support, the Commissioner argues that (1) "Magistrate Newbern erred by relying on evidence dated prior to February 8, 2016"; (2) "this evidence was already considered by the Commissioner in prior final and binding decisions to deny Plaintiff's applications"; (4) "Magistrate Judge Newbern

did not acknowledge that this time period was covered by previously denied applications"; and (5) "[a]s the ALJ explained, there were prior binding decisions," including "an ALJ decision dated July 11, 2014." (Id. at 1-2). Having considered the matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court rejects the Commissioner's objection in favor of the thorough and reasoned R&R.

To be sure, the issue of a claimant's disability between an onset date and the date of the earlier decision is *res judicata* for purpose of later proceedings, unless the Commissioner exercises his or her authority to reopen the application. See Anderson v. Comm'r of Soc. Sec., 195 F. App'x 366, 369 (6th Cir. 2006)(because of the doctrine of *res judicata*, "ordinarily federal courts do not have jurisdiction to review an ALJ's decision not to reopen a prior application"); Anderson v. Comm'r of Soc. Sec., 195 F. App'x 366, 369 (6th Cir. 2006) (same). This is not to say, however, that any and all alleged ailments magically disappear at the time a denial of benefits is issued. Indeed, and as Magistrate Judge Newbern correctly noted, "[t]he Social Security regulations recognize that a claimant's level of functioning may vary over time and that longitudinal evidence is required to evaluate mental impairments." (Doc. No. 30, R&R at 11)(Citing 20 C.F.R. pt. 404, subpt. P. app. 1, § 12.00(C)(5)(a).

Further, because "the symptoms of mental illness wax and wane over time," an "ALJ may not pick and choose helpful evidence when analyzing mental illness[,] but rather must consider the longitudinal evidence of a claimant's symptoms." Stafford v. Kijakazi, 2022 WL 358061, *8 (W.D. Mo. Feb. 7, 2022). "Especially in the context of a progressive disease or degenerative condition, evidence that is offered as proof of a disability, and not found persuasive by an ALJ in a prior proceeding, may be considered in a subsequent proceeding in combination with new evidence for

the purpose of determining if the claimant has become disabled since the ALJ's previous decision." Hillier v. Social Security Administration, 486 F.3d 359, 365 (8th Cir.2007); see also Bladow v. Apfel, 205 F.3d 356, 361, fn. 7 (8th Cir.2000) (stating that medical evidence from earlier proceeding could not be re-evaluated, but could "serve as a background for new and additional evidence of deteriorating mental or physical conditions occurring after the earlier proceeding"); Coheley v. Colvin, No. 4:15-CV-782-CLS, 2016 WL 866931, at *3 (N.D. Ala. Mar. 7, 2016) (medical evidence from prior proceedings can be used "to obtain context – that is, 'to give a longitudinal picture' of the claimant's condition over time"); McKean v. Colvin, 150 F. Supp. 3d 406, 413 (M.D. Pa. 2015) (collecting cases) ("This Court is persuaded by the circuits that have held that *res judicata* does not prevent evidence introduced in support of the prior claim from being introduced during the subsequent claim to prove disability at the later onset date.")

Magistrate Judge Newbern did not err in holding that the ALJ's mental impairment decision was not supported by substantial record evidence. The ALJ failed to take into account the longitudinal evidence of mental impairment, of which there was plenty as set forth in detail in the R&R.

Accordingly, the Court rules as follows:

(1) The R&R (Doc. No. 30) is **ACCEPTED** and **APPROVED**;

(2) The Commissioner's Objection (Doc. No. 31) is **OVERRULED**;

(3) Dodson's Motion for Judgment on the Administrative Record (Doc. No. 27) is **GRANTED**; and

(4) The case is **REMANDED** to the Commissioner for further administrative proceedings consistent with this Order and the R & R.

The Clerk of the Court shall will enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure and close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4